IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER MICHELLE MAIZE,        ) | |
| ) | |
| Plaintiff,        ) | |
| ) | |
| vs.                                                        ) | Case No. 24-cv-01659-JPG |
| ) | |
| ERIK SHELLHARDT,        ) | |
| JEFF CONNOR,        ) | |
| BEN MARTIN,        ) | |
| MARY COPELAND,        ) | |
| RONALD SLEMER,        ) | |
| TERESA TUCKER, and        ) | |
| CHAD LOUGHERY,        ) | |
| ) | |
| Defendants.        ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Jennifer Maize brings this civil rights action under 42 U.S.C. § 1983 for alleged constitutional deprivations stemming from her arrest, search, and seizure in Madison County, Illinois. Plaintiff seeks dismissal of three pending cases against her, a temporary restraining order, and money damages. She also seeks leave to proceed *in forma pauperis* (IFP).[1] (Doc. 2).

This matter is subject to review under 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen complaints and filter out non-meritorious claims brought by litigants seeking IFP status. 28 U.S.C. § 1915A(e)(2)(B)(i-iii). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant

---

[1] The Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff seeks IFP status and was not confined as a "prisoner" on the date she filed suit. If she was a "prisoner," as defined under 28 U.S.C. § 1915(h), the Complaint would be screened under 28 U.S.C. § 1915A instead. The screening standard is the same under both statutes.

1

must be dismissed.  *Id*.  The factual allegations are liberally construed at this stage.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the allegations in the Complaint (Doc. 1, pp. 6-9), Plaintiff was arrested in her home on May 8, 2022.  Deputy Erik Shellhardt, an employee of Madison County Sheriff's Office, arrested her without a warrant for contributing to the delinquency of a minor in violation of Edwardsville's Municipal Code § 74.173, which carries a $50 fine for a first-time offense.  Instead of receiving a ticket for this misdemeanor, however, Plaintiff was taken into custody and Madison County Case No. 22-CM-376 was brought against her.  By the time a warrant was issued in connection with this matter on May 10, 2022, Deputy Ben Martin also added a felony charge against Plaintiff based on subsequent events described below.  *Id*.

During processing on May 8, 2022, C/O Teresa Tucker conducted a body cavity search of Plaintiff in the presence of a male guard.  Plaintiff was then locked in an "attorney's closet" for 24 hours without food, water, blood pressure medication, or restroom access.  She was forced to urinate and defecate in the closet and use her clothing as toilet paper.  Plaintiff crouched naked and exposed on the closet floor, while Deputies Michael Hedden, Christopher Eales, and other unknown male officers watched, taunted, and humiliated her.  Plaintiff panicked when she began to overheat and run out of oxygen, so she forced the plexiglass out of the attorney's door.  The plexiglass did not break, but Plaintiff was nevertheless charged with criminal damage to state property (<$500) in Madison County Case No. 22-CF-1217.  *Id*.

On May 9, 2022, Judge Ronald Slemer set Plaintiff's bail at $34,000, after closing Madison County Case No. 22-CM-376 and consolidating it with Madison County Case No. 22-CF-1217.

This bail represented an increase of $33,900 over the original bail of $100 for the misdemeanor. Chief Public Defender Mary Copeland failed to file a motion to reduce bail. *Id*.

Plaintiff remained in the custody of Madison County Sheriff's Department at all times from May 8, 2022 through January 18, 2023, even after she was found unfit to stand trial and ordered remanded to state custody within 20 days on June 16, 2022. She requested a trial by jury on November 22, 2023, but no trial date was set. *Id*.

Plaintiff was instead convicted via a "closed-door meeting" that occurred by telephone on March 30, 2023. Plaintiff understood that this meeting would focus on her fitness to stand trial and nothing more. LCSW Pauline Myers, an employee of Elgin State Mental Hospital, served as a witness and testified that Plaintiff "seemed lucid from the beginning and not in need of anything but an attorney." *Id*. at 8. Plaintiff submitted written and telephone requests for legal counsel before the hearing, but she was never given access to one. *Id*.

Following this hearing, Madison County's Chief Public Defender provided Plaintiff with a copy of her sentencing paperwork on March 30, 2023. Plaintiff did not have an opportunity to review this paperwork before the hearing to understand the implications of her guilty plea. She also had no public defender at the hearing. *Id*.

Plaintiff claims that she has since been named in a "bogus" complaint for having a "dog at large" in Madison County Case No. 2024-OV-9. She insists the latest complaint is not supported by state or local ordinance. Rather, it is intended to harass her. *Id*. at 9.

Plaintiff seeks an order dismissing Madison County Case Nos. 22-CM-376, 22-CF-1217, and 24-OV-9. She also requests money damages for violations of her rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments. *Id*. Her request for a temporary restraining order was already denied. (Doc. 5).

**Preliminary Dismissals**

A.  **Parties**

Plaintiff makes no allegations against two parties who are named in the Complaint: Defendants Jeff Connor and Chad Loughery. Merely invoking the name of a potential defendant is not enough to state a claim against that individual. FED. R. CIV. P. 8(a)(2); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Defendants Connor and Loughery shall be dismissed from this action without prejudice.

Plaintiff also names Ben Martin as a defendant but brings no specific claim against this individual. The Court is unable to determine what role he played in the deprivation of any federally protected right. The allegations against this defendant do not satisfy the *Twombly* pleading standard, so Defendant Martin shall be dismissed without prejudice.

B.  **Non-Parties**

Plaintiff also mentions the following individuals in the statement of claim but does not identify them as defendants in the Complaint: Michael Hedden, Christopher Eales, Pauline Myers, and other unknown male officers. The Court will not treat these individuals as defendants, and all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

C.  **Request for Relief**

Plaintiff's request for dismissal of Madison County Case Nos. 22-CM-376, 22-CF-1217, and 24-OV-9 is also dismissed without prejudice. Section 1983 does not confer jurisdiction on this court to simply dismiss a state court case against the plaintiff. Even where jurisdiction exists to address claims of federal constitutional deprivations stemming from a state court case, federal courts are required to abstain from exercising jurisdiction over claims that involve or call into

question ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (*Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions."). Plaintiff's request for this relief is dismissed without prejudice to the plaintiff seeking relief in another case filed in state or federal court.

## Discussion

Based on the allegations, the Court designates the following counts in the *pro se* Complaint:

**Count 1:** Fourth Amendment claim against Erik Shellhardt for the warrantless arrest of Plaintiff in Madison County, Illinois on May 8, 2022.

**Count 2:** Fourth Amendment claim against Teresa Tucker for Plaintiff's warrantless and baseless body cavity search in Madison County, Illinois on May 8-9, 2022.

**Count 3:** Fourth Amendment claim against Teresa Tucker for unreasonably detaining Plaintiff in an attorney's closet for 24 hours without ventilation, food, water, medication, or a restroom in Madison County, Illinois on May 8-9, 2022.

**Count 4:** Eighth Amendment claim against Judge Ronald Slemer for setting excessive bail in the amount of $34,000 against Plaintiff and against Chief Public Defender Mary Copeland for failing to file a motion to reduce bail on or around May 9, 2022.

**Count 5:** Sixth Amendment claim against Unidentified Defendant for denying Plaintiff a trial by jury as requested on November 14, 2022.

**Count 6:** Sixth Amendment claim against Unidentified Defendant for denying Plaintiff a speedy trial from November 22, 2023 until at least June 24, 2024.

**Count 7:** Sixth Amendment claim against Unidentified Defendant for denying Plaintiff the right to counsel during a hearing on March 30, 2023, despite her requests for legal representation.

**Count 8:** Fourteenth Amendment claim against Chief Public Defender Mary Copeland for denying Plaintiff due process in connection with the hearing on March 30, 2023.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

**Count 1**

The Fourth Amendment guards against unreasonable searches and seizures, drawing a "firm line at the entrance to the house." *Anderson v. City of West Bend Police Dep't*, 774 F. Supp. 2d 925, 939 (E.D. Wis. 2011) (quoting *Payton v. New York*, 445 U.S. 573, 590 (1980)). The threshold "may not reasonably be crossed without a warrant" absent probable cause and exigent circumstances. *Id*. Where an officer "reasonably believe[s] that a person within is in need of immediate aid," however, the Fourth Amendment does not prohibit warrantless entries and searches. *Mincey v. Arizona*, 437 U.S. 385, 392 (1978). The "reasonable belief" standard is an objective one and requires evidence that "'circumstances as they appeared at the moment of entry would lead a reasonable, experienced law enforcement officer to believe that someone inside the house, apartment, or hotel room required immediate assistance.'" *United States v. Richardson*, 208 F.3d 626, 629 (7th Cir. 2000) (quoting *United States v. Arch*, 7 F.3d 1300, 1303-05 (7th Cir. 1993)).

Against this backdrop, the Court finds that Plaintiff's claim is undeveloped. She alleges that Deputy Shellhardt arrested her at home without a warrant. She does not address probable cause, exigent circumstances, or any belief that someone inside needed immediate assistance, and the Court cannot infer that the officer conducted an unlawful arrest simply based on the lack of a warrant. Without more, the Court also cannot determine whether this claim is barred by the doctrines in *Heck v. Humphrey*, 512 U.S. 477 (1994),[2] or *Younger v. Harris*, 401 U.S. 37 (1971).[3] Because the allegations fall short of articulating any claim at all, however, Count 1 shall be dismissed without prejudice.

---

[2] In *Heck*, the Supreme Court held that a Section 1983 suit cannot be brought if a judgment in favor of the plaintiff would imply that his conviction in a prior proceeding is invalid. *Id*.
[3] *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)

### Count 2

The Fourth Amendment also protects against unreasonable body cavity searches, and a court evaluates the constitutionality of a search by "balancing . . . the need for the particular search against the invasion of personal rights that the search entails." *Campbell v. Miller*, 499 F.3d 711, 716 (7th Cir. 2007) (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). As part of this evaluation, the court considers "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id*. The "more intrusive the search, the closer the governmental authorities must come to demonstrating probable cause for believing that the search will uncover the objects for which the search is being conducted." *Id*. at 716 (citations omitted). Plaintiff alleges that C/O Tucker conducted a warrantless, baseless, and humiliating body cavity search while processing her on or around May 8, 2022. The officer allegedly did so in the presence of male officers, and Plaintiff complains of humiliation and taunting by them. At the stage, Count 2 shall proceed against C/O Tucker.

### Count 3

The Fourth Amendment also protects an arrestee[4] from conditions of confinement that are objectively unreasonable and cause harm. *Currie v. Chhabra*, 728 F.3d 626 (7th Cir. 2013). Plaintiff sets forth allegations which suggest that she was subjected to objectively unreasonable conditions when she was placed in an attorney's closet and denied food, water, medication, restroom access, and clothing for 24 hours from May 8-9, 2024, while officers taunted and humiliated her. Count 3 shall proceed against C/O Tucker.

---

[4] An arrestee is defined as an individual who has not yet had a probable cause hearing, and the allegations suggest that Plaintiff was still an "arrestee" on May 8-9, 2022. *Id*.

7

### Count 4

Plaintiff next claims that her $34,000 bail was excessive, and she names Judge Slemer in connection with this Eighth Amendment claim. A judge enjoys absolute immunity for claims arising from his official decisions or actions. *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). A judge is not deprived of immunity because the action he took was in error, malicious, or in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Determining and setting the amount of bail for a criminal defendant in custody is a judicial act, so Judge Slemer is cloaked with immunity for this decision. Count 4 shall be dismissed with prejudice against this defendant.

### Counts 5, 6, and 7

Plaintiff names no defendants in connection with Counts 5, 6, and 7. Section 1983 liability requires personal involvement in a constitutional deprivation. *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022). Because the plaintiff has not established personal involvement in a constitutional deprivation on the part of any defendant, Counts 5, 6, and 7 shall be dismissed without prejudice.

### Count 8

Plaintiff's claim against Chief Public Defender Copeland for denying her Fourteenth Amendment right to due process at a hearing on March 30, 2023 should be raised in a separate action. Count 8 against Copeland is not properly joined herein with the only two surviving claims, *i.e.*, Counts 2 and 3 against C/O Tucker for alleged misconduct that occurred on May 8-9, 2022. Count 8 involves a different defendant and arises from a separate transaction or occurrence than the claims in Counts 2 and 3.

When presented with improperly joined claims or parties, a district court has discretion to sever or dismiss them. FED. R. CIV. P. 21; *Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Here, the Court will dismiss Count 8 without prejudice and let Plaintiff decide whether to pursue this claim (and when) in a separate suit. Plaintiff should be mindful of the 2-year statute of limitations applicable to § 1983 claims.

## Disposition

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **GRANTED**, and the Clerk's Office shall enter a separate fee payment order.

**IT IS ORDERED** that the Complaint (Doc. 1), including **COUNTS 2** and **3**, against **TERESA TUCKER** survives review under 28 U.S.C. § 1915A.

**IT IS ORDERED** that **ALL OTHER CLAIMS** and **DEFENDANTS** are **DISMISSED** from this action. **COUNTS 1, 5, 6,** and **7** are **DISMISSED without prejudice** for failure to state a claim; **COUNT 4** is **DISMISSED with prejudice** as being brought against an immune defendant; and **COUNT 8** is **DISMISSED without prejudice** for improper joinder with **COUNTS 2** and **3** (Plaintiff may pursue Count 8 in a separate action, if he chooses). **ALL DEFENDANTS**, other than **TERESA TUCKER**, are **DISMISSED** without prejudice.

**IT IS ORDERED** that as to **COUNTS 2** and **3,** the Clerk of Court shall prepare for Defendant **TERESA TUCKER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the

Court will require Defendant to pay for formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **<u>Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order</u>**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though her application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 9/23/2024**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendant will enter her appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more.  The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions.  Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.