UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JENNIFER MICHELLE MAIZE,

    Plaintiff,

v.

ERIK SHELLHARDT et al.,

    Defendants.

Case No. 24-cv-01659-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court for case management purposes. Finding that the Plaintiff has failed to give good cause why this suit should not be dismissed for failure to state a claim, and that the Plaintiff has failed to prosecute their case, the Court hereby **DISMISSES** this case **without prejudice**.

    The Plaintiff filed suit under 42 U.S.C. § 1983 on July 3, 2024, for alleged constitutional deprivations stemming from her arrest, search, and seizure in Madison County, Illinois. (Doc. 1). The Plaintiff sought dismissal of three pending cases against her, a temporary restraining order, and money damages. The Court recognized eight counts alleging violations of the Plaintiff's rights under the Fourth, Eighth, Sixth, and Fourteenth Amendments, however, only the Plaintiff's claims against Defendant Teresa Tucker for alleged violations of her Fourth Amendment rights survived screening. (Doc. 8). Consequently, all other defendants and claims were dismissed.

    The Plaintiff alleged that Defendant Tucker conducted a warrantless, baseless, and humiliating body cavity search while processing her on or around May 8, 2022. Additionally, the Plaintiff alleges that the Defendant performed this search in the presence of male officers, who

taunted and humiliated her during the search. The Plaintiff also alleged that she was subjected to objectively unreasonable conditions when she was placed in an attorney's closet and denied food, water, medication, restroom access, and clothing for twenty-four hours from May 8-9, 2024, while officers taunted and humiliated her.

The Fourth Amendment protects against unreasonable body cavity searches. A court evaluates the constitutionality of a search by "balancing . . . the need for the particular search against the invasion of personal rights that the search entails." *Campbell v. Miller*, 499 F.3d 711, 716 (7th Cir. 2007) (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). As part of this evaluation, the court considers "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* The "more intrusive the search, the closer the governmental authorities must come to demonstrating probable cause for believing that the search will uncover the objects for which the search is being conducted." *Id.* at 716 (citations omitted). The Fourth Amendment also protects arrestees from conditions of confinement that are objectively unreasonable and cause harm, *Currie v. Chhabra*, 728 F.3d 626 (7th Cir. 2013); this protection extends to deprivation of crucial needs, such as food, water, and restroom access.

On September 23, 2024, the Court ordered service of process on Defendant Tucker. (Doc. 8). On November 25, 2024, Defendant Tucker answered the complaint. (Doc. 15). On December 5, 2024, this case was assigned to CJRA Track B. The parties were ordered to submit a joint proposed scheduling and discovery order within twenty-eight days of that date—no later than January 2, 2025. However, no such joint report was filed. Mail to the Plaintiff was returned as undeliverable on December 16, 2024. (Doc. 16). The Court ordered the parties to show cause within seven days—no later than January 9, 2025—why the Court should not dismiss this case

for failure to prosecute. This filing too was returned as undeliverable. (Doc. 20). The Plaintiff did not, and still has not, updated her address.

Having received no response to the initial order to show cause, on January 15, 2025, the Court once again ordered the parties to show cause as to why the Court should not dismiss this case for failure to prosecute. The Court warned the Plaintiff, in no uncertain terms, that failure to respond within seven days—no later than January 22, 2025—would result in dismissal of this suit for failure to prosecute; one week has passed since that order was entered with still no word from the Plaintiff.

Dismissal is an appropriate sanction for failure to prosecute, including failing to submit a discovery order. As a federal court in the Central District of Illinois summarized:

> Federal Rule of Civil Procedure 41(b) provides, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Id.* The United States Court of Appeals for the Seventh Circuit has explained that "Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior. The rule is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 340 (7th Cir. 1987) (internal quotations omitted).
>
> Furthermore, Federal Rule of Civil Procedure 37(b)(2) provides, in relevant part, that if a party fails "to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part;". Thus, sanctions are appropriate under Rule 37(b)(2) when a party fails to comply with discovery orders and when the district court finds "willfulness, bad faith or fault" to justify the sanction. *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). The "fault" required to sustain dismissal under Rule 37 does not refer to the "non-complying party's subjective motivation" but to the lack of reasonableness "which eventually culminated in the violation." *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997) (quotations and citations omitted).

*Willis v. Williams*, 2011 U.S. Dist. LEXIS 141474 at *2-4 (Ill. C.D., Oct. 26, 2011). The Court's authority to dismiss civil suits for failure to prosecute extends to prisoner cases alleging violations of their civil rights. *See Lucien v. Breweur*, 9 F.3d 26, 26 (7th Cir. 1993).

Here, the Plaintiff is aware of her obligation to keep the Court updated on her whereabouts and to notify the Court if her address changes; a failure to do so manifests at-least an implication that the Plaintiff no longer wishes to prosecute their case. As the Court warned in its order to show cause, the Court finds that this suit is subject to dismissal for failure to prosecute.

### CONCLUSION

Finding that the Plaintiff has twice failed to respond to an order to show cause why this case should not be dismissed for lack of prosecution—despite being repeatedly warned that their case would be dismissed and being aware of her obligation to keep her address up to date—the Court hereby **DISMISSES** this case **without prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  January 29, 2025**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**